UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO BLACK,

        Petitioner,

                                          Case Number 16-13756
v.                                         Honorable David M. Lawson

CARMEN PALMER,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Ricardo Black challenges his guilty-plea-based convictions for kidnapping, assault, and weapons offenses in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He says his lawyer overstated the benefits of his plea bargain, his sentence did not measure up to his expectations, and the state courts did not address his claims properly. The record, however, discloses no violations of federal law, so his petition will be denied.

I.

Black was charged with 15 felonies stemming from an errant drug transaction that occurred in Detroit, Michigan on January 8, 2014. According to the testimony developed at Black's preliminary examination, Sarah Chilcutt and Kelly Lucas went to Black's house on Flanders Street in Detroit and smoked both heroin and crack cocaine. Sarah and Kelly subsequently walked to a house on East Outer Drive where they waited for a friend named Jamie to pick them up. About 4:00 p.m., Black came to the house on East Outer Drive and said that money and drugs totaling $1,000 were missing from his house. Black told Jamie to leave. Although they denied stealing anything, the petitioner left with Sarah, and Kelly remained at the house.

Sarah testified that Black forced her to go back to his house on Flanders where he directed

her to call someone to bring him $1,000. She made a phone call but was unable to get the money. Black then tied her up in the basement of his house, hit her twice on the face with his fist, and struck her one time on the head with a pistol.

Meanwhile, Black's sister brought Kelly to the house on Flanders. Kelly said she saw blood on Sarah's face and clothes. Black and his sister interrogated the two girls about the stolen items. When they professed ignorance, they were allowed to leave.

At about the same time, Michael Roedding, Kelly's boyfriend, drove to the house on Flanders to pick her up. He was accompanied by his friend, Ed Phillips. When they got to the house, Phillips went to the door and asked for Kelly. Black then came out of the house with a gun in his hand and demanded $1,000 in return for releasing the girls. When he said that he was there to pick up the girls and did not know anything about the money, Black pointed a gun at his head and followed him back to Roedding's truck. As the two of them reached the truck, Roedding said something from inside the truck, and Black fired his handgun through the passenger window of the truck. Roedding then started to drive away. Phillips caught up with Roedding and entered the truck. They drove off and called 911.

When the police arrived, Sarah was taken to a hospital, where she was treated for her injuries.

Aa a result of these events, Black was charged with one count of kidnaping, one count of unlawful imprisonment, two counts of assault with intent to commit murder, two counts of assault with intent to do great bodily harm less than murder, three counts of felonious assault, three counts of felon in possession of a firearm, and three counts of possession of a firearm during the commission of a felony (felony firearm). Following plea negotiations, on March 28, 2014, he

pleaded guilty to one count of kidnaping, Mich. Comp. Laws § 750.349, one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, two counts of felonious assault, Mich. Comp. Laws § 750.82, and one count of felony firearm, second offense, Mich. Comp. Laws § 750.227b. In exchange for the guilty pleas, the prosecution agreed to dismiss the remaining ten counts and a notice charging the petitioner with being a fourth habitual offender. In addition, the parties and the trial court agreed that the petitioner's sentence for kidnapping would be fifteen to forty years in prison and that the sentence for felony firearm, second offense, would be a consecutive term of five years. There was no sentencing agreement on the remaining counts.

On April 15, 2014, the trial court sentenced Black as promised on the kidnapping and felony firearm charges. He received lesser concurrent sentences on the other charges. Six months later, he moved to withdraw his plea on grounds that his plea was involuntary and unknowing and his trial attorney was ineffective. He also alleged that the trial court had erred when it allowed the plea proceeding to continue without ordering substitute counsel or conducting an evidentiary hearing on his allegations of ineffective assistance of counsel. The trial court held oral arguments on Black's motion and denied it after concluding that Black knowingly and voluntarily accepted the plea offer and got exactly what was offered to him.

Black applied for leave to appeal, arguing that the trial court erred when it denied his motion to withdraw his guilty plea on the basis that his plea was not voluntary and knowing because defense counsel misrepresented the value of the plea bargain; and the trial court erred when it denied his request for an evidentiary hearing and ruled that he had not received ineffective assistance of counsel. Black also moved to remand his case for an evidentiary hearing on his

claim about trial counsel. The Michigan Court of Appeals denied the motion to remand and denied leave to appeal for lack of merit in the grounds presented. *People v. Black*, No. 324956 (Mich. Ct. App. Feb. 12, 2015). Black raised the same claims in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the questions presented to it. *People v. Black*, 498 Mich. 872; 868 N.W.2d 890 (2015) (table).

On October 19, 2016, Black filed his habeas corpus petition. He alleges that: (1) the trial court erred when it denied his motion to withdraw his plea; (2) the trial court erred when it ruled that he received effective assistance of counsel; (3) he was entitled to an evidentiary hearing; and (4) he is entitled to a minimum sentence of 10-3/4 years for his kidnaping conviction, based on representations made by his lawyer. Although the respondent asserts that the petitioner did not exhaust state remedies for his fourth claim, none of Black's claims warrant habeas relief, and the Court may deny a petition despite a petitioner's failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2).

II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

The state appellate courts' decisions were rendered in summary orders, not reasoned opinions. Nonetheless, the deference required nby the AEDPA stall must be afforded. "Under [*Harrington v. Richter*], '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on its merits in the absence of any indication or state-law procedural principles to the contrary.'" *Barton v.*

*Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015) (quoting *Harrington*, 562 U.S. at 99).

A.

Black alleges first that the trial court erred when it denied his motion to withdraw his guilty plea. However, "[a] defendant has no right to withdraw his guilty plea . . . ." *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). Unless a guilty plea violates a clearly-established constitutional right, the decision whether to allow a criminal defendant to withdraw a plea is discretionary with the state trial court. *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

Black nevertheless contends that his plea was involuntary and unknowing, because his attorney misrepresented the value of the plea bargain. Black says that counsel stated that the agreed-upon minimum sentence of fifteen years was eight years less than the bottom of the sentencing guideline range for the minimum sentence. (Michigan uses an indeterminate sentencing scheme for custodial sentences in which the maximum sentence is set by the statute that defines the crime and the sentencing court sets a minimum term of imprisonment that may be as long as two-thirds of the statutory maximum sentence. *See* Mich. Comp. Laws § 769.34(2)(b); *People v. Babcock*, 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (citing *People v. Tanner*, 387 Mich. 683, 690, 199 N.W.2d 202 (1972)). However, the sentencing court is obliged to set the minimum term as dictated by the statutory sentencing guideline scheme, which is driven by a scoring system based largely on judge-found facts. *See* Mich. Comp. Laws § 769.34(2).

The actual sentencing guideline for the minimum sentence for kidnapping was 225 to 375 months or 18-3/4 years to 31-1/4 years. Thus, the petitioner's minimum sentence of fifteen years

for the kidnaping conviction was only 3-3/4 years less than the bottom of the sentencing guideline range, not eight years, as his lawyer represented to him.

The Supreme Court has said that a guilty plea involves a waiver of several constitutional rights, *see Boykin v. Alabama*, 395 U.S. 238, 243 (1969). The only question on collateral review of a guilty plea, however, is whether the plea was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989).

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A guilty plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645, n.13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. Nonetheless, "a [guilty] plea may be involuntary if the defendant did not understand what he was giving up and receiving in entering his guilty plea." *United States v. Lang*, 46 F. App'x 816, 818 (6th Cir. 2002) (citing *United States v. Toothman*, 137 F.3d 1393, 1400 (9th Cir. 1998), and *Hammond v. United States*, 528 F.2d 15, 18 (4th Cir. 1975)).

Black stated at his plea hearing that he understood the charges against him, the plea and sentencing agreement, the maximum penalty for his crimes, and the rights that he was waiving by pleading guilty. He also stated that he wanted to plead guilty, that nobody had promised him anything or threatened him to make him give up his rights, and that he was pleading guilty because he violated the law. He had no questions for the trial court, and he provided a factual basis for his plea. Black also acknowledged the terms of the plea and sentencing agreement in writing.

Even if defense counsel was wrong when he said that the anticipated fifteen-year minimum sentence for the kidnaping conviction was eight years below the bottom of the sentencing guidelines, not "every item of misinformation which counsel may impart vitiates the voluntariness of a plea. Each case must depend largely on its own facts." *Hammond*, 528 F.2d at 18.

The plea and sentencing agreement in this case was clearly articulated on the record, and Black stated that he understood the rights he was giving up and the benefits of pleading guilty. He has not shown that he was coerced into pleading guilty, and there is no indication that defense counsel's allegedly inaccurate statement — that the proposed sentence was eight years less than the sentencing guideline range for the minimum sentence — induced the petitioner to plead guilty.

Although it is true that misunderstandings about a defendant's maximum possible sentence can invalidate a guilty plea, *see Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985), this is not such a case. Black stated that he understood the maximum penalties for his crimes, and the issue here concerns Black's understanding of the potential minimum sentence for his kidnapping conviction under Michigan's indeterminate sentencing scheme. And because that minimum sentence was prescribed by advisory guidelines, the trial court had considerable discretion to navigate within that range, which topped out at 375 months, or 31-1/4 years.

The plea and sentencing agreement, moreover, did not call for a minimum sentence that was eight years below the bottom of the sentencing guidelines. The agreement was that the minimum sentence would be fifteen to forty years for the kidnaping conviction and an additional five years for the felony-firearm conviction. Furthermore, the difference in the length of the minimum sentence as calculated by defense counsel and the length as calculated by Black was only 4-1/4 years. Defense counsel did not grossly exaggerate the value of the fifteen-year

minimum sentence. *Cf. Hammond*, 528 F.2d 16-19 (concluding that the defendant's guilty plea was involuntary where defense counsel grossly exaggerated the benefit of the plea bargain by leading the defendant to believe that his maximum sentence would be ninety to ninety-five years if he went to trial and were convicted, when the defendant's actual maximum sentence was only fifty-five years).

The state courts' conclusion that Black's plea was voluntary, knowing, and intelligent therefore is quite consistent with applicable federal law. The orders denying relief were objectively reasonable and did not contravene or unreasonably apply Supreme Court precedent. Black is not entitled to habeas relief on his first claim.

B.

In his second habeas claim, Black alleges that the trial court erred when it ruled that Black's trial attorney was not constitutionally ineffective. The Michigan Court of Appeals rejected this claim for lack of merit.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To establish a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Premo v. Moore*, 562 U.S. 115, 120 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. A petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must demonstrate "a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty or *nolo contendere* plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first part of the test remains the same. *Hill*, 474 U.S. at 58. However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. In other words, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *Carter,* 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

1.

Black contends that his trial attorney failed to contact witnesses whose names and contact information he provided to counsel. However, Black has not identified the witnesses that he says his attorney should have contacted. He also has not alleged what his defense would have been if he had gone to trial, and he admits that he had no idea whether the witnesses that he hoped to have testify in his behalf would be available or helpful at trial. *See* Memorandum in Support of Pet. for Writ of Habeas Corpus at 13, ECF No. 1, Page ID.32. Even if the Court were to assume that defense counsel's performance was deficient,

> where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his

recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Hill*, 474 U.S. at 59.

. Although Black apparently told defense counsel that he was with his girlfriend at the time of the crimes, the girlfriend never called defense counsel, despite counsel's request to have the girlfriend call him. Plea Tr. at 4, ECF No. 8-5, PageID.209. Moreover, four eyewitnesses, including the three victims, identified the petitioner at his preliminary examination.

It is unlikely that an alibi defense would have succeeded at trial. Therefore, the state courts reasonably concluded consistent with federal law that trial counsel was not ineffective by allegedly failing to contact Black's witnesses and for recommending that he plead guilty.

2.

Black's other claim about defense counsel is that counsel repeatedly exaggerated the benefits of the plea bargain by asserting that a sentence of fifteen years was eight years below the bottom of the minimum sentencing guidelines, which counsel believed was twenty-three years. As explained above, a probation officer calculated the bottom of the sentencing guidelines for kidnaping at 18-3/4 years. The proposed minimum sentence of fifteen years in prison for the kidnaping conviction was only 3-3/4 years less than the bottom of the sentencing guidelines, not eight years.

However, even assuming that defense counsel flubbed the math or exaggerated the value of the fifteen-year sentence, the sentence was still 3-3/4 years less than the bottom of the advisory sentencing guidelines prescribed minimum and 16-1/4 below the top end of what the minimum

sentence might have been.

The plea and sentencing agreement was favorable to the petitioner in other ways as well, because it called for the dismissal of the habitual-offender notice and ten felony counts. Had Black gone to trial and been convicted, he could have received a life sentence for the kidnaping conviction. *See* Mich. Comp. Laws § 750.349(3). As a fourth habitual offender, he also could have received a life sentence for assault with intent to do great bodily harm less than murder. *See* Mich. Comp. Laws § 769.12(1)(b).

Furthermore, Black has not alleged that he would have gone to trial if he had known that his minimum sentence of fifteen years for the kidnaping conviction was only 3-3/4 years less than the bottom of the sentencing guidelines. As such, he has failed to show that he was prejudiced by counsel's alleged ineffectiveness.

The state appellate courts' rejection of Black's claim about trial counsel's effectiveness was not contrary to, or an unreasonable application of, *Strickland* or *Hill*.

C.

Black next contends that he was entitled to an evidentiary hearing in state court on his claim of ineffective assistance of trial counsel. He asserts that the trial court erred when it allowed the plea hearing to proceed without replacing counsel or conducting an evidentiary hearing after he complained that his attorney was ineffective.

Under the law Michigan applies in its state courts, "[w]hen a defendant asserts that his assigned lawyer is not adequate or diligent or asserts . . . that his lawyer is disinterested, the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusion." *People v. Ginther*, 390 Mich. 436, 441-42; 212 N.W.2d 922, 924 (1973). But

Black's claim that the state court erred by not holding an evidentiary hearing is not cognizable here because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law.").

Furthermore, the state trial court and the Michigan Court of Appeals rejected Black's ineffective-assistance-of-counsel claim on the merits, and federal "district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). Black, therefore, has no right to an evidentiary hearing in this Court.

D.

In his fourth and final claim, Black argues that he is entitled to re-sentencing with a minimum sentence of 10-3/4 years for the kidnaping conviction. The basis for that conclusion is defense counsel's comment that the sentencing agreement was eight years below the bottom of the sentencing guidelines. Black points out that the bottom of the sentencing guidelines was 18-3/4 years, and eight years less than that is 10-3/4 years.

Black, however, agreed to a minimum sentence of fifteen years in prison for the kidnaping conviction and an additional five years for the felony-firearm conviction. A sentence of eight years below the sentencing guidelines was not part of the agreement, and by consenting to a specific sentence as part of the plea and sentencing bargain, the petitioner waived review of his challenge to the minimum sentence imposed by the trial court. *United States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993); *see also People v. Wiley*, 472 Mich. 153, 154; 693 N.W.2d 800, 800

(2005) (stating that under Michigan law, "a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence"). He cannot "complain that his rights were violated when he received the exact sentence for which he bargained." *Lozada-Rivera v. United States*, 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002). Therefore, habeas review is not warranted on Black's fourth claim.

### III.

The petitioner's unexhausted fourth claim lacks merit, and the state courts' rejection of his other claims for lack of merit was objectively reasonable. The state courts' decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date: July 12, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on July 12, 2019.

s/Deborah Tofil
DEBORAH TOFIL